**Earnest L. WHITE and Robert Earl Cole, Plaintiffs-in-Error,**

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Feb. 19, 1976.

Ural B. Adams, Jr., Asst. Public Defender, Memphis, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, Arthur T. Bennett and James W. Harrison, Asst. Dist. Attys. Gen., Memphis, for defendant-in-error.

OPINION

WALKER, Presiding Judge.

In this appeal in error from their first degree murder convictions and 25-year sentences, we first consider the question the defendants, Earnest L. White and Robert Earl Cole, recognize the most important in the case. May a trial judge act on a motion for a new trial more than 60 days after he vacates the bench? The defendant insists that TCA 17–116 clearly means that he must act within that time. The state urges that we hold this statute directory and not mandatory and that any noncompliance in this case was harmless.

The trial of these defendants was heard by Honorable Perry H. Sellers, Judge of the Shelby County Criminal Court, Division I, on June 18–21, 1974. Following their conviction of first degree murder, Judge Sellers sentenced each defendant to 25 years in the penitentiary in accordance with the jury's verdict. The defendants moved for a new trial and Judge Sellers at that time set the motion for hearing July 12, 1974. The written motion was filed that day, July 12, 1974, and Judge Sellers reset it for July 16, 1974.

A number of resettings of the motion followed. Judge Sellers reset it for August 27. On that day, Judge Faquin, sitting by interchange, reset it.

We judicially know that Judge Sellers retired September 1, 1974, and was succeeded by Judge Bernie Weinman. The successor judge reset the motions on October 16 and November 6.

On December 18 the defendants amended their motion for a new trial and Judge Sellers, as retired judge, reset it December 19, 1974; January 3, 1975; and January 16, 1975. Judge Weinman reset it February 14 and March 27. Judge Sellers again reset it April 4 and heard and overruled the motion April 9, 1975, at which time he granted an appeal to this court and allowed the defendants 60 days to file their bill of exceptions.

The defendants did not timely file their bill of exceptions and this court on September 10, 1975, granted their petition for a

delayed bill of exceptions. On October 23, 1975, the defendants applied to Judge Weinman to sign the bill of exceptions but he was of the opinion that Judge Sellers was the proper judge to approve it and ordered that counsel tender it to him. Judge Sellers then approved the bill of exceptions October 27, 1975.

Nothing appears in this record to give the excellent retired judge authority to hear the motion for a new trial or to sign the bill of exceptions more than 60 days after he vacated his office. For that reason we think the provision of TCA 17–116 that his powers in this respect shall not extend beyond 60 days from his vacation of office apply in this case. The error cannot be considered harmless.

We therefore conclude that the case must be reversed and remanded for a new trial.

It is so ordered.

DWYER, J., and PHIL B. HARRIS, Special Judge, concur.